Robert L. SCHULZ, John Salvador, Jr., Gilbert O. Boehm, Charles D. Burge, PhD., Leland D. Ryan, Suzan Diane La Due, Douglas Frederick Watson, Richard Allen Berry, John B. Sibley, Jr., Claude F. Sprowls, Gary L. Williams, and Andrea Vecchio, each and everyone individually and on behalf of All New York Citizen–Resident–Taxpayers who are qualified to vote on school budgets in local school districts where such voting takes place, Except Those Citizen–

Resident–Taxpayers Who Are Members of The New York State Teachers Union ("NYSTU"), The Civil Service Employees Association ("CSEA"), or The Parent Teachers Association ("PTA"), Plaintiffs,

v.

The STATE OF NEW YORK, Mario M. Cuomo, Governor; The New York State Legislature, Ralph Marino, Senate President pro-tem, Saul Weprin, Speaker of The Assembly; New York State Department of Education, Thomas Sobol, Commissioner; The Harrisville Central School District Board of Education and The East Islip Union Free School District Board of Education, individually and as representative of all governing boards or bodies of local public school districts in New York State where the taxpayers of those districts are asked to vote on the annual budget for those school districts; Bonie Sanderson, Individually and as Superintendent of The Harrisville Central School District, Scott Baker, Individually and as President of The Harrisville Central School District Board of Education, and Robert Rice, Jr., Neil Bousman, Marianne Dicob, Ranald Luther, William Mealus and Charles Ripley, Each Individually and as Members of The Harrisville Central School District's Board of Education, Defendants.

No. 93–CV–0497.

United States District Court, N.D. New York.

Feb. 27, 1997.

Robert L. Schulz, Queensbury, NY, Pro Se.

John Salvador, Jr., Lake George, NY, Pro Se.

Gilbert O. Boehm, Lake George, NY, Pro Se.

Charles D. Burge, PhD., Natural Bridge, NY, Pro Se.

Leland D. Ryan, Harrisville, NY, Pro Se.

Suzan Diane La Due, Harrisville, NY, Pro Se.

Richard Allen Berry, Harrisville, NY, Pro Se.

John B. Sibley, Jr., Harrisville, NY, Pro Se.

Douglas Frederick Watson, Harrisville, NY, Pro Se.

Claude F. Sprowls, Harrisville, NY, Pro Se.

Gary L. Williams, Harrisville, NY, Pro Se.

Andrea Vecchio, East Islip, NY, Pro Se.

Dennis C. Vacco, Attorney General of the State of New York, Albany, NY, for State Defendants; Deirdre Roney, of counsel.

Ingerman, Smith, Greenberg, Gross, Richmond, Heidelberger, Reich & Scricca, Northport, NY, for Defendant Board of Education of the East Islip Union Free School District; Lawrence W. Reich, of counsel.

Sanders D. Heller, Governeur, NY, for Harrisville Defendants; Sanders D. Heller, of counsel.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

### A. Procedural Background

The *pro se* plaintiffs in this action are members of the All–County Taxpayers Association, a "good-government advocacy organization." Its founder and President, Robert L. Schulz, has been a frequent litigator in federal and state court. Plaintiffs' current complaint contends that several New York Statutes, which relate to voting on proposed state school district budgets, violate the New York Constitution and United States Constitution.

Specifically, Plaintiffs assert three causes of action: (1) New York Education Law § 2023 violates Plaintiffs' rights under the New York Constitution Article II, § 1, and Article I, §§ 6 & 14, and that these deprivations violate Plaintiffs' right to due process under the Fifth and Fourteenth Amendments to the U.S. Constitution; (2) New York Civil Service Law § 209–a violates Plaintiffs' rights under the New York Constitution Article II, § 1, Article I, § 14, and accordingly their federal and state due process rights; and (3) violations of New York Education Law § 2010 by the Harrisville defendants amount to deprivations of their federal and state due process rights.

Plaintiffs filed the instant Complaint on April 19, 1993. All of the plaintiffs in this action were also plaintiffs in two actions filed in state court which raised claims similar to those raised here. Consequently, the proceedings in this Court have been stayed to allow the state court to address these issues first.

On October 25, 1993, Justice Hughes of the Supreme Court, Albany County, dismissed Plaintiffs' claims which raised issues identical to their first and second causes of action in this case. *Schulz v. State*, Albany County Index No. 3281–93. Plaintiffs' appeal from that judgment was dismissed by the Appellate Division, Third Department, on June 19, 1995. Also on October 25, 1993, Justice Hughes dismissed Plaintiffs' remaining claim. *Schulz v. State*, Albany County Index No. 3282–93. Plaintiffs' appeal from this second judgment was dismissed by the Appellate Division, Third Department, on May 16, 1995.

### B. Factual Background

Plaintiffs are citizen-taxpayers of the State of New York and registered voters and taxpayers of various municipalities and school districts. The State defendants are the Gov-

ernor, the Legislature, and the Commissioner and Department of Education. Also named as defendants are the Harrisville Central School District and the East Islip Union Free School District.

At the root of Plaintiffs' complaint is that two provisions of New York's statutory law deny them a "meaningful vote" on spending and taxing issues related to school budgets.

The first challenged provision is New York Education Law section 2023 which states:

> If the qualified voters shall neglect or refuse to vote the sum estimated necessary for teachers' salaries, after applying thereto the public school moneys, and other moneys received or to be received for that purpose, or if they shall neglect or refuse to vote the sum estimated necessary for ordinary contingent expenses, the sole trustee, board of trustees, or board of education *may levy a tax for the same, in like manner as if the same had been voted by the qualified voters.*

N.Y.Educ.Law § 2023 (McKinney 1988) (emphasis added).

Further, Plaintiffs claim that budgets authorized by section 2023 (commonly called "austerity budgets") are often larger than the proposed budget defeated at the polls.

The second challenged provision is New York State Civil Service Law section 209–a.1(e) (the "Triboro Law") which states in relevant part:

> It shall be an improper practice for a public employer or its agents deliberately ... (e) to refuse to continue all the terms of an expired agreement until a new agreement is negotiated....

N.Y.Civ.Serv.Law § 2023 (McKinney Supp. 1996). Plaintiffs argue that under section 209–a.1(e), step increases in pay and benefits contained in expired agreements must continue until a new contract is negotiated. Consequently, Plaintiffs claim that voters of a school district could vote down the school budget, and yet still have a tax increase based upon salary increases for teachers contained in an expired labor agreement.

Summoning their best oratory, Plaintiffs declare: "This case distills down to the very meaning of the voting process in America and the attendant civil voting rights of individuals against the statutory powers claimed for Boards of Education, as public employees." (Pltfs' Mem. of Law at 12) (emphasis removed).

## II. DISCUSSION

Pursuant to Fed.R.Civ.P. 56, the State of New York defendants, the Islip Board of Education, and the Harrisville Board of Education have moved this court for summary judgment. Between the three defendants' moving papers, they appear to have raised every conceivable rationale as to why the Defendants are entitled to judgment as a matter of law.

### A. Defendants' Rule 56 Motions

Pursuant to Fed.R.Civ.P. 56(c), a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of informing the Court of the basis for its motion and identifying the matter that it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law determines what facts are material to the outcome of a particular case. *See Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. In determining whether summary judgment is appropriate, the Court must resolve all ambiguities, and draw all reasonable inferences, against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986).

If the moving party satisfies its burden, the burden then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The non-moving party must do more than simply show "that there is some metaphysical doubt as to the

material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1355. Only when the Court finds that no rational finder of fact could find in favor of the non-moving party because the evidence to support its case is so slight, should summary judgment be granted. *Gallo v. Prudential Residential Servs., Ltd.*, 22 F.3d 1219, 1223 (2d Cir.1994).

Here, there is no factual issue present—at least none that is dispositive—only the legal question of whether Education Law section 2023 and Civil Service Law section 209–a(1) violate the New York State Constitution and the United States Constitution.

**B. Claim and Issue Preclusion**

■ Initially, it is advantageous to note what this case is not about. First, "a valid, final judgment on the merits is a bar to a subsequent action between the same parties, or those in privity with them, upon the same claim or demand...." 1B J. MOORE & T. CURRIER, MOORE'S FEDERAL PRACTICE 411[2], at 1281 n. 1 (2d ed. 1982). Under the Constitution's Full Faith and Credit Clause, federal courts must accord state court judgments the same preclusive effect that would be accorded by other courts within that state. *See National Labor Relations Bd. v. United Technologies Corp.*, 706 F.2d 1254 (2d Cir. 1983); *Burgos v. Hopkins*, 14 F.3d 787, 792 (2d Cir.1994).

The Second Circuit succinctly set forth the applicable standard in *Burgos v. Hopkins*:

> There are two requirements for the application of collateral estoppel to an issue: (1) "[t]here must be an identity of the issue which has necessarily been decided in the prior action and is decisive of the present action," and (2) "there must have been a full and fair opportunity to contest the decision now said to be controlling."

14 F.3d at 792 (citations omitted).

■ As to the first prong of this test, Defendants argue that Plaintiffs' claims in

the two earlier proceedings were identical to the claims raised here. *See Schulz v. State*, Albany County Index No. 3281–93 (October 25, 1993) and *Schulz v. State*, Albany County Index No. 3282–93 (October 25, 1993). After a careful review of Plaintiffs' state court complaints and the adverse state court decisions, this Court agrees. Plaintiffs raised the identical claims in a New York State forum,[1] they cannot now change a few words and recast their complaint in an attempt to relitigate issues already decided against them. *Cf. Fariello v. Campbell*, 860 F.Supp. 54, 65 (E.D.N.Y.1994) ("a plaintiff may not seek a reversal of a state court judgment simply by recasting his complaint in the form of a civil rights action pursuant to 42 U.S.C. § 1983").

Furthermore, all of the plaintiffs in this action were plaintiffs in the state court actions and thus had a full and fair opportunity to contest the state court decisions. Thus, the second prong of the *Burgos* test is also met.

**C. New York State Constitutional Claims**

■ Insofar as the Court may have overlooked a newly raised state law claim in Plaintiffs' Complaint, this Court declines to exercise supplemental jurisdiction over any remaining claims that implicate New York law. As was true with pendent jurisdiction, the predecessor of supplemental jurisdiction, it is discretionary with this Court whether to exercise supplemental jurisdiction over purely state-law claims. *See, e.g., Purgess v. Sharrock*, 33 F.3d 134 (2d Cir.1994); *Valley Disposal, Inc. v. Central Vt. Solid Waste Mgt. Dist.*, 31 F.3d 89, 103 (2d Cir.1994); *Pitchell v. Callan*, 13 F.3d 545, 549 (2d Cir. 1994).

■ As the Second Circuit has noted, exercising pendent jurisdiction over a claim based on the New York Constitution "would violate fundamental principles of federalism

1. For example, in his October 25, 1993 Memorandum Decision, Justice Hughes paraphrased Plaintiffs' first cause of action as follows: "The relief sought is a judgment declaring that Education Law section 2023 violates section 1 of article 2 of the New York State Constitution and violates the due process clause of the Fed-

eral and State Constitutions." October 25, 1993 Memorandum Decision at 6. Justice Hughes also paraphrased Plaintiffs' second cause of action: "It is alleged that [Civil Service Law section 209–a] violates the right to have a meaningful vote." October 25, 1993 Memorandum Decision at 7.

and comity" because "New York State has a definite interest in determining whether its own laws comport with the New York Constitution." *Young v. New York City Transit Auth.,* 903 F.2d 146, 163–64 (2d Cir.), *cert. denied,* 498 U.S. 984, 111 S.Ct. 516, 112 L.Ed.2d 528 (1990).

## III. CONCLUSION

For the foregoing reasons Defendants' Motions for Summary Judgment are GRANTED dismissing Plaintiffs' Complaint in its entirety.

**IT IS SO ORDERED.**